**Andres BERNAL; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70814.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andres Bernal, Guadalupe, CA, pro se.

Reyna Bernal, Guadalupe, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration, Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Andres Bernal and Reyna Bernal, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Petitioners contend that the IJ erred as a matter of law in concluding that they failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioners testified that they were apprehended by immigration authorities and returned to Mexico in 1995 as they attempted to re-enter the United States after a 20 day trip to Mexico. The IJ concluded that the apprehension and return constituted a break in petitioners' continuous physical presence such that they failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether petitioners' return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary departure, as discussed in *Vasquez–Lopez.* "In addition, even if petitioner[s] signed a voluntary departure form and departed accordingly, there is not substantial evidence in the present record that would support the conclusion that petitioner[s] knowingly and voluntarily accepted administrative

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

voluntary departure." *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006). The IJ should be given the first opportunity to assess whether petitioners' departure was "knowing and voluntary." *Id.* at 620.

Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioners' contact with immigration officials in 1995.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.